**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ANA SIERRA, Individually and as )
Managing Member of FRESH HOT )
BAGELS, LLC, and FRESH HOT )
BAGELS, LLC, )
                                  )
     Plaintiffs/Appellants, )
                                  )
        v.                  )    C.A. No. N14A-03-009 JAP
                                  )
RICHARD CASTILLO, )
                                  )
     Defendant/Appellee. )

## RULE TO SHOW CAUSE

It appearing to the court that:

1. Appellants Sierra and Fresh Hot Bagels brought suit in the Court of Common Pleas against Appellee Castillo for Castillo's alleged breach of a promissory note executed in connection with the sale of a bagel shop to Castillo. Appellants are represented by counsel; appellee is not represented and has not entered an appearance in this appeal. Nonetheless the court questions its own jurisdiction to hear this appeal.

2. The record reflects that this appeal was filed prior to entry of a final judgment in the Court of Common Pleas. Sierra and

Fresh Hot Bagels obtained a default judgment against Castillo in 2012 in the court-below. Two years later, in that court, Castillo moved to vacate that default and on March 7, 2014 the Court of Common Pleas granted his motion.[1] On March 17, 2014 Sierra and Fresh Hot Bagels filed their Notice of Appeal which recites that they are appealing from the Court of Common Pleas' order of March 7, 2014. The record contains no indication that the Court of Common Pleas entered a final judgment on the matter prior to the filing of the notice of the instant appeal. To the contrary, on April 3, 2014 (three weeks after the filing of the Notice of Appeal) the Court of Common Pleas notified the parties that a trial on the merits would take place on August 21, 2014.

3. It is settled that this court lacks jurisdiction to hear interlocutory appeals. In *Anderson v. R.A. Midway Towing*[2] the Delaware Supreme Court wrote:

> While the Delaware Constitution confers jurisdiction upon this Court to decide interlocutory appeals, it does not confer such jurisdiction upon the Superior Court. The Superior Court has statutory authority to decide appeals from decisions of the Court of Common Pleas. However, such statutory

---

[1] The Court of Common Pleas scheduled a trial on the merits to begin on August 21, 2014.
[2] 2006 WL 197806 (Del. July 14, 2006).

authority is limited to "any final order, ruling, decision or judgment" of the Court of Common Pleas. Because the Court of Common Pleas had not yet entered a final judgment in this matter, the Superior Court was without jurisdiction to enter an order dismissing the case.[3]

Wherefore, Appellants shall show cause in writing on or before April 25, 2017 why their appeal should not be dismissed for lack of jurisdiction.

It is **SO ORDERED.**

April 13, 2017

_____
John A. Parkins, Jr.
Superior Court Judge

oc:  Prothonotary

cc:  Andres Gutierrez de Cos, Esquire, Andres de Cos LLC, Wilmington, Delaware
Richard Castillo, *pro se*, Bear, Delaware

---

[3]  *Id.* at *2 (footnotes omitted).